FILED

MAR 2 3 2006

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL MILLER, JR.,

        Petitioner,

v.

DAVID L. RUNNELS, Warden,

        Respondent.

                  /

No. C 04-04746 CRB (PR)

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

      Petitioner was convicted by a jury in Contra Costa County Superior Court of assault on a police officer, exhibiting a firearm at a peace officer, and being an ex-felon in possession of a firearm. Various enhancements for prior convictions and firearm use were also found to be true. On December 14, 2001, he was sentenced to 35 years in state prison.

      Petitioner appealed, contending that the trial court violated his Sixth and Fourteenth Amendment rights when it denied his motion to proceed pro per. On May 21, 2003, the California Court of Appeal affirmed the trial court's judgment; and on August 27, 2003, the Supreme Court of California denied review.

      Having exhausted his remedies in the state courts, petitioner filed this habeas petition pursuant to 28 U.S.C. section 2254 on November 9, 2004. Petitioner alleges that the state court of appeal violated his constitutional rights by affirming the trial court's decision denying his motion to represent himself.

United States District Court

For the Northern District of California

1

**BACKGROUND**

2      Petitioner was first charged by information in March 1997. Between March 1997 and

3   November 1997, petitioner was represented by an appointed public defender. In November

4   1997, petitioner retained private counsel to replace the public defender. Petitioner's private

5   counsel suffered a heart attack in late 1997. As a result, a public defender was once again

6   assigned to represent petitioner.

7      In June 1998, on the last court day before trial was scheduled to begin, petitioner

8   made a Marsden[1] motion, i.e., a motion to substitute counsel. At an in camera hearing,

9   petitioner complained that his first attorney had not filed any motions, had waived time, and

10   had only met with him once outside of court. Petitioner indicated that he was willing to go to

11   trial with his second public defender, but wanted to know whether the weapons and

12   fingerprint evidence against him could be challenged. The trial court determined that

13   petitioner had failed to demonstrate that his attorney was incompetent, and denied the

14   Marsden motion.

15      In September and October 1998, petitioner mailed two handwritten Marsden motions

16   to the court. He delivered a final Marsden motion in December 1998, less than a week

17   before his scheduled trial date, seeking to relieve his second public defender.

18      The trial court conducted an in camera hearing to determine the validity of the final

19   Marsden motion. During the hearing petitioner asserted that he did not trust counsel's ability

20   to provide him with adequate representation. He also told the court that "if he had to

21   represent himself he would go pro-per." People v. Miller, No. A097516, 2003 Cal. App.

22   Unpub. LEXIS 4951, at *5 (Cal. Ct. App. May 21, 2003).   The trial court once again denied

23   the Marsden motion. Petitioner then stated that he wanted to "go pro per." Id.  The trial

24   court cautioned petitioner to think this over carefully and told him that he could raise the

25   issue at the next scheduled hearing.

26   ///

27   ///

28

---

[1]People v. Marsden, 2 Cal. 3d 118 (1970).

United States District Court
For the Northern District of California

1    A week later in January 1999, on the last court day before trial was scheduled to

2  begin, petitioner filed a Faretta[2] motion seeking permission to represent himself. At the

3  hearing on the motion, petitioner conceded that he did not know the charges against him, and

4  did not know what defense he would raise. He also conceded that he did not know the

5  possible penalties he faced.

6    The trial court denied the Faretta motion. It noted that the motion could have been

7  raised much sooner than it actually had been, but ultimately denied the motion because

8  petitioner lacked the requisite knowledge and skill to conduct a competent defense.

9    Petitioner proceeded to trial represented by a public defender and was convicted and

10  sentenced to 35 years in state prison. Petitioner appealed, claiming that the trial court's

11  denial of his Faretta motion was based on an improper ground. The California Court of

12  Appeal agreed, but nevertheless affirmed the trial court's judgment on the ground that it was

13  correct insofar as petitioner's Faretta motion had not been timely raised.

**DISCUSSION**

15  I. Standard of Review

16    This court may entertain a petition for a writ of habeas corpus under the Antiterrorism

17  and Effective Death Penalty Act of 1996 ("AEDPA") "in behalf of a person in custody

18  pursuant to the judgment of a State court only on the ground that he is in custody in violation

19  of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

20    The petition may not be granted with respect to any claim that was adjudicated on the

21  merits in state court, unless the state court's adjudication of the claim: "(1) resulted in a

22  decision that was contrary to, or involved an unreasonable application of, clearly established

23  Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

24  decision that was based on an unreasonable determination of the facts in light of the evidence

25  presented in the State court proceeding." Id. § 2254(d).

26    "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state

27  court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of

28

[2]Faretta v. California, 422 U.S. 806 (1975).

3

1   law or if the state court decides a case differently than [the] Court has on a set of materially
2   indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the
3   'unreasonable application' clause, a federal habeas court may grant the writ if the state court
4   identifies the correct governing legal principle from [the] Court's decisions but unreasonably
5   applies that principle to the facts of the prisoner's case." Id. at 413.

6       "[A] federal habeas court may not issue the writ simply because that court concludes
7   in its independent judgment that the relevant state-court decision applied clearly established
8   federal law erroneously or incorrectly. Rather, that application must also be unreasonable."
9   Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask
10  whether the state court's application of clearly established federal law was "objectively
11  unreasonable." Id. at 409.

12      The only definitive sources of clearly established federal law under section 2254(d)
13  are in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state
14  court decision. Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003) (citing Williams, 529
15  U.S. at 412). "While circuit law may be 'persuasive authority' for purposes of determining
16  whether a state court decision is an unreasonable application of Supreme Court law, only the
17  Supreme Court's holdings are binding on the state courts and only those holdings need be
18  'reasonably' applied." Id.

19      In conducting a habeas review of a state court decision, a federal court looks to the
20  last reasoned state-court proceeding. See Vann Lynn v. Farmon, 347 F.3d 735, 738 (9th Cir.
21  2003).

22  II. Analysis

23      Petitioner claims that his Sixth and Fourteenth Amendment rights were violated when
24  the state appellate court affirmed the trial court's denial of his motion for self-representation.
25  The issue for this court is whether the state appellate court's denial of petitioner's Faretta
26  claim was contrary to, or involved an unreasonable application of, clearly established
27  Supreme Court precedent, or involved an unreasonable determination of the facts. See 28
28  U.S.C. § 2254(d).

United States District Court

For the Northern District of California

4

1    A criminal defendant's right to proceed in propria persona was clearly established in
2  Faretta v. California. 422 U.S. 806 (1975). In Faretta, the Court held that the Sixth
3  Amendment creates a right of self-representation for defendants in state criminal
4  proceedings. Id. at 819. However, the defendant's decision to represent himself and waive
5  his right to counsel must be unequivocal, knowing and intelligent, timely, and not for
6  purposes of securing delay. See id. at 835. The defendant must also be competent to waive
7  the right to counsel. Godinez v. Moran, 509 U.S. 389, 396 (1993). In determining whether a
8  defendant has validly invoked his right to self-representation, the trial judge cannot look to
9  the quality of the representation that a defendant may provide for himself, so long as he
10  knowingly and intelligently waives his right to counsel. McKaskle v. Wiggins, 465 U.S. 168,
11  173 (1984).

12    It is clearly established that the Court created a timing element in Faretta. See Moore
13  v. Calderon, 108 F.3d 261, 265 (9th Cir. 1997) (stating that a timeliness element in a Faretta
14  request is clearly established Federal law). The Court stated that Faretta's request was "well
15  before the date of trial" and "weeks before trial." Faretta, 422 U.S. at 835.

16    However, the Court did not specifically define the contours of the timing element.
17  The Ninth Circuit consequently has held that because the Supreme Court has not directly
18  established when a Faretta motion is untimely, "other courts are free to do so as long as their
19  standards comport with the Supreme Court's holding that a request 'weeks before trial' is
20  timely." Marshall v. Taylor, 395 F.3d 1058, 1060 (9th Cir. 2005) (citing Williams v. Taylor,
21  529 U.S. 362, 412-13 (2000)).

22    Here, the California Court of Appeal based its decision on a number of California
23  cases outlining the timeliness element under Faretta. It noted that a motion for self-
24  representation is addressed to the sound discretion of the trial court and if made on the eve of
25  trial may be found to be untimely. People v. Miller, No. A097516, 2003 Cal. App. Unpub.
26  LEXIS 4951, at **14-15 (Cal. Ct. App. May 21, 2003) (citing cases). The court explained
27  that

28       [i]n analyzing the timeliness of such a motion the court should consider
         several factors including the quality of the counsel's representation, the

United States District Court
For the Northern District of California

5

> defendant's prior proclivity to substitute counsel, the reasons for the request, the length and stage of the proceedings, and the disruption or delay that might reasonably be expected to follow the granting of the motion.

Id. at *15 (citing People v. Scott, 91 Cal. App. 4th 1197, 1204-06 (2001); People v. Windham, 19 Cal. 3d 121, 128 (1977)). The court also noted that "the fact that a defendant made earlier Marsden motions that were denied also suggests that he or she had sufficient opportunity to raise the issue of self-representation in a more timely manner. Id. (citing Scott, 91 Cal. App. 4th at 1205-06).

The court of appeal applied the pertinent factors and concluded that, under the circumstances of the case, the motion was untimely. The court found that petitioner's "experienced counsel was representing him adequately, both before the Faretta motion was made and after the subsequent trial." Id. at *16. Petitioner had already had three attorneys at the time he moved to represent himself, and his decision to represent himself was in response to the denial of his Marsden motion. Id. Importantly, the court found that petitioner had made an oral Faretta motion a week before filing it with the court, that trial on the underlying charges was scheduled to begin on the next court day after petitioner filed the motion and the motion was heard, and that trial actually began on the following court day. Id. The court concluded:

> There is no doubt that a continuance of trial with its attendant disruption would have been required to allow Miller – a defendant who admitted on the eve of trial that he did not know the charges pending against him, the evidence that could be used to prove or disprove those charges, what defenses he could use and the maximum penalty he faced – to prepare to represent himself at trial. We also note that Miller's first Marsden motion was denied in early June 1998. His attorney at the time had represented him since late December 1997. Thus, [Miller] had an ample opportunity to evaluate his trial counsel and to raise a more timely motion for self-representation before his motion of December [1998] and January [1999].
>
> Consideration of all these factors supports our conclusion that the *Faretta* motion was untimely.

Id. at *17 (citations omitted).

As stated above, there is no clear Supreme Court precedent which defines the timeliness element. Marshall, 395 F.3d at 1060. The only certainty is that a motion filed

6

"weeks before trial" must be considered timely. Here, petitioner's motion was not filed "weeks before trial," and none of the factors employed by the California Court of Appeal abrogate or conflict with the "weeks before trial" standard set forth in Faretta. The California Court of Appeal primarily based its conclusion that the motion was untimely on the motion's temporal proximity to the start of trial–one week before trial. It also considered the fact that trial had already been delayed a number of times and that petitioner had had ample opportunity to raise the motion earlier. It simply cannot be said that the state court of appeal's determination was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. See 28 U.S.C. § 2254(d); Marshall, 395 F.3d at 1060.

The state appellate court's determination that the motion was untimely is also clearly supported by the record. After all, the trial court itself expressed concern with the timing of the motion. See People v. Miller, No. A097516, 2003 Cal. App. Unpub. LEXIS 4951, at *7 (Cal. Ct. App. May 21, 2003) (noting that trial court had noted that the motion had been made a week earlier, shortly before trial and that petitioner could have brought the request much sooner.). This is not a case where "nothing in the record suggests that the trial court would have denied the motion on timeliness grounds had it believed that petitioner was competent to represent himself." Vann Lynn v. Farmon, 347 F.3d 735, 741 (9th Cir. 2003).

Finally, petitioner's contention that the California Court of Appeal improperly affirmed on a basis not explicitly relied upon by the trial court is without merit. The Ninth Circuit has made clear that the California Court of Appeal is "free to affirm the trial court on any basis supported by the record." Marshall, 395 F.3d at 1061; accord Hamilton v. Groose, 28 F.3d 859, 862 n.3 (8th Cir. 1994) (noting that where the "state court record fairly supported the [appellate court's] finding that [defendant] did not unequivocally invoke his right to represent himself," it did not matter that in denying the Faretta request, the trial court judge "expressed his concerns about [defendant's] ability to represent himself").

Petitioner is not entitled to federal habeas relief on his Faretta claim. The California Court of Appeal's decision rejecting petitioner's claim was not contrary to, or involved an

7

1  unreasonable application of, clearly established Supreme Court precedent, or was based on

2  an unreasonable determination of the facts.  28 U.S.C. § 2254(d).

3                                                **CONCLUSION**

4          For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The

5  clerk shall enter judgment in favor of respondent and close the file.

6          **IT IS SO ORDERED.**

7

8  Dated: March 23, 2006

9  
   CHARLES  R. BREYER
   UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

### FOR THE

### NORTHERN DISTRICT OF CALIFORNIA

MILLER,

Case Number: CV04-04746 CRB

Plaintiff,

**CERTIFICATE OF SERVICE**

v.

RUNNELS et al,

Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 23, 2006, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul Miller T40728
High Desert State Prison
P.O. Box 3030 B4-246
Susanville, CA 96127-3030

Peggy S. Ruffra
CA State Attorney's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Dated: March 23, 2006

Richard W. Wieking, Clerk
By: Barbara Espinoza, Deputy Clerk